COLE *et al.*, appellants, v. MANN.

*Vendor and vendee — sale or return — title to goods sold.*

Plaintiff, a piano dealer, consigned a piano to J., who was also a dealer. It was agreed that the piano should remain the property of plaintiff until it was paid for, and if J. sold he should do so upon an agreement with the purchaser that the piano should remain the property of plaintiff until paid for. *Held*, that the title to the piano remained in plaintiff, and that the piano could not be lawfully seized in execution upon a judgment against J.

APPEAL from an order denying a motion for a new trial on the judge's minutes, after a verdict for defendant. The action was brought by George T. Cole and others against Oscar E. Mann to recover the value of a piano claimed to be wrongfully taken and sold by defendant. The opinion states the material points of the case.

*Ellsworth & Potter*, for appellant.

*Gardner & Brundage*, for respondents.

MULLIN, P. J. This action was brought to recover of the defendant damages for the conversion of a piano, of which the plaintiffs claimed to be the owners. The defendant was sheriff of Niagara county and sold the property on an execution against one Jenne, whose property defendant alleged it to be. The sale was the conversion represented in the complaint.

On the trial at the Niagara circuit one of the plaintiffs was called as a witness, and testified that plaintiffs' business was the purchase and sale of pianos at Towanda, in the State of Pennsylvania; that one Jenne who was engaged in selling pianos in Lockport, in the county of Niagara, applied to plaintiffs to purchase pianos on credit, and it was agreed on the part of plaintiffs to sell him pianos on credit, for which he should give his note and that the pianos should remain the property of the plaintiffs until the same were paid for.

The witness further testified that when the piano was forwarded to Jenne, there was sent with it a paper called a consignment, in which it was stated that the piano should become the property of Jenne upon payment therefor in cash or notes. It was part of the understanding and arrangement as claimed by plaintiffs' witness, that if Jenne sold the piano on credit, he should take a note, in or upon which it should be stated that the property should remain in plaintiffs until paid for, and that he, Jenne, should indorse said notes and deliver them to the plaintiffs. Jenne sent to the plaintiffs a note for the piano in question, having on its margin the statement that said piano should be the property of the plaintiffs until paid for.

It was shown on the part of the defense that when one of the plaintiffs was at Lockport and negotiated with Jenne to sell him pianos, he inquired into his pecuniary responsibility. After the levy on the piano, one of plaintiffs called on defendant's attorney with the view of satisfying him that plaintiffs had a valid title to the piano, and then claimed it by virtue of the statement on the

face of the note and in the consignment, that the property should remain plaintiffs' until paid for, and did not suggest there was any agreement in reference to the title to the property, except what was contained in those papers.

The jury found a verdict for the defendant, and judgment has been entered thereon, and from it plaintiffs appeal.

I am unable to find in the case any question of fact for the jury, except that of the value of the piano.

It is true plaintiffs' attorney testified that Cole, one of the plaintiffs, stated that it was a part of the original arrangement between plaintiffs and Jenne, that the title to the pianos sold to him should remain in plaintiffs, until they were paid for, and the defendant's attorney testified that Cole did not state there was any such arrangement when he called on him to satisfy him that plaintiff's title was valid.

It does not seem to me of the slightest consequence when the arrangement as to the title was made, provided it was prior to or at the time of the delivery of the piano. If the statement in the note of Jenne, or in the consignment as it is called, that title should be in plaintiff until payment, would be operative to prevent the title from passing to Jenne, it would not be essential that this condition had not been previously agreed upon. The sale was not completed until the delivery of the piano, and at the time of the delivery this condition was imposed by the plaintiff and assented to by Jenne, who gave his note for the price, with this condition upon its face.

What was Jenne's relation to the plaintiff, in view of the provision that he might sell for cash or on credit, the title remaining in plaintiff?

If the contract is to have effect, he did not acquire any title to the property until it was paid for; permitting him to sell on credit but requiring him in the sale to impose the condition that the title should remain in the plaintiff, made him a mere agent. The sale in such an event was a sale of plaintiffs' property and not of his own. Had the arrangement been that the title should have been reserved to Jenne until payment, the provision for a transfer of the note to plaintiffs would not have prevented the title from passing, but the title being reserved to the plaintiffs in the sale by Jenne, the sale was in effect by him as their agent.

I know of no reason why plaintiffs should not make such an arrangement with Jenne and protect their title. The transaction was not

in law a sale to Jenne, but the appointment of him as their agent to sell is on terms imposed by them.

As to pianos sold by Jenne for cash down, other considerations are presented. As to cash sales the title passed, and a reservation of the title between plaintiff and Jenne was of no effect. If Jenne was agent as to part of the goods, he was as to all, and when he sold for cash and it was paid him, he received it as plaintiff's agent and the title passed to the purchaser. If, however, he was not agent as to pianos sold for cash, the condition of the sale to him, that title should remain in plaintiff, was void. It was a condition wholly inconsistent with the right of the vendee to sell, and was void.

The judgment should be reversed and a new trial ordered, costs to abide the event.

*Judgment reversed and new trial ordered.*